IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLARONDA CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05cv240-D |
| | )               (WO) |
| LIBERTY MUTUAL INS. CO., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is Defendant's motion for more definite statement, filed July 19, 2005. (Doc. No. 17.) Plaintiff filed a response in opposition on July 25, 2005, (Doc. No. 20), to which Defendant replied on July 27. (Doc. No. 21.) Plaintiff submitted a "supplemental filing" on August 1. (Doc. No. 24.) For the reasons to follow, the court finds that Defendant's motion is due to be granted.

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Defendant filed the instant motion for more definite statement in lieu of serving an answer.[1] Defendant seeks an order directing Plaintiff to state more definitely the alleged factual representations and suppressions comprising her claims of fraud in Counts III and IV of the Amended Complaint. Defendant contends that the averments are "so vague and ambiguous" that it cannot reasonably frame a responsive pleading. (Doc. No. 17, ¶ 6.) Plaintiff, on the other

---

[1] The court notes that, although urged by Plaintiff, it declines to deny Defendant's motion for more definite statement on the ground that the motion is untimely. (See Doc. No. 24.)

hand, asserts that, in paragraph 25 of her Amended Complaint, she has identified the facts which Defendant had a duty to disclose; namely, Defendant should have disclosed that "it would require insureds to produce extensive and irrelevant personal and financial records as a prerequisite to it[] paying an insurance claim." (Doc. No. 20, ¶ 3.) Defendant rebuts that paragraph 25 is too cursory because Plaintiff has failed to describe or otherwise identify the nature of the alleged "extensive and irrelevant personal and financial records" which Defendant allegedly "require[d] insureds to produce." (Doc. No. 21, ¶ 2.) Defendant complains that Plaintiff has "fail[ed] to specify or identify any document, statement, testimony or other tangible item to support [her] bare allegation" and further has failed "to identify the source of the alleged misrepresentation or time and dates of the alleged misrepresentation." (Id. ¶¶ 5-6.)

     A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Generally, courts "disfavor motions for more definite statement," given the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Tuckish v. Pompano Motor Co., 337 F. Supp. 2d 1313, 1322 (S.D. Fla. 2004). Rule 8 provides that a pleading need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Because the two counts of the Amended Complaint which Defendant challenges are fraud claims, however, Defendant's Rule 12(e) motion also requires consideration of the more particularized pleading requirements of Rule 9(b).

Rule 9(b) of the Federal Rules of Civil Procedure requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  The purpose of Rule 9(b)'s particularity requirement is to "alert[ ] defendants to the precise misconduct with which they are charged and protect[ ] defendants against spurious charges of immoral and fraudulent behavior."  Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks omitted).  Rule 9(b), though, is not intended to "'abrogate the concept of notice pleading'" outlined in Rule 8, id., "but rather, the two rules are to be reconciled and read together."  Elster v. Alexander, 75 F.R.D. 458, 461 (N.D. Ga. 1977).

As to the degree of specificity required under Rule 9(b), in Durham v. Business Management Associates, the Eleventh Circuit stated that "[a]llegations of date, time or place satisfy the Rule 9(b) requirement that the *circumstances* of the alleged fraud must be pleaded with particularity."  847 F.2d 1505, 1512 (11th Cir. 1988) (emphasis in original); see also Cooper v. Blue Cross and Blue Shield of Florida, Inc., 19 F.3d 562, 568 (11th Cir. 1994) ("The plaintiff's complaint must allege the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them" to satisfy Rule 9(b).).  In Ziemba, the Eleventh Circuit enumerated four requirements for surviving a Rule 9(b) challenge.  See 256 F.3d at 1202.  To wit, the complaint must allege

> "1) precisely what statements were made in what documents or oral representations or what omissions were made, and 2) the time and place of each such statement and the person responsible for making it (or, in the case of omissions, not making), and 3) the content of such statements and the

>manner in which they misled the plaintiff, and 4) what the defendants obtained as a consequence of the fraud."

Id. (quoting Brooks v. Blue Cross and Blue Shield of Florida, 116 F.3d 1364, 1371 (11th Cir. 1997).)

Applying the foregoing principles, the court finds that Plaintiff's claims of fraud in Counts III and IV do not comport with the requirements of Rule 9(b).  The allegations in Count III, paragraph 25, and the similar averments in Count IV, paragraph 30, are conclusory.  Plaintiff does not describe the general nature of the alleged irrelevant documents which Defendant required Plaintiff to submit when she filed a claim under the policy.  She also does not identify the person who made the request for the documents or specify the date of the request.

While the court conjectures that the alleged irrelevant documents upon which Plaintiff bases her fraud claims are those enumerated in the "Authorization" attached as Exhibit A to the Amended Complaint, Plaintiff has not cited this exhibit in alleging Counts III and IV or in responding to Defendant's motion.  (See Am. Compl. ¶ 10.)  The court, thus, is unable to ascertain whether paragraph 10 of the Amended Complaint corresponds with her fraud claims.  Counts III and IV of Plaintiff's Amended Complaint simply do not state with any particularity the specific circumstances involved, i.e., the who, what, when, where and how.  The court, therefore, finds that Defendant's motion for more definite statement is due to be granted.

Accordingly, it is CONSIDERED and ORDERED that Defendant's motion for more definite statement be and the same is hereby GRANTED. Within ten days of the date of this Order, Plaintiff is DIRECTED to file a Second Amended Complaint and comply with Rule 9(b) in alleging her claims of fraud or the court shall strike Counts III and IV.[2]  See Fed. R. Civ. P. 12(e).

Done this 15th day of September, 2005.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also is directed to comply with this District's local rules for filing amendments. See M.D. ALA. L.R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").